**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

─────────────────────────────────

SERGEY MALTSEV,

                     Petitioner,

         v.                                   No. 03-CV-1309
                                              (GLS/DRH)

ALBANY COUNTY PROBATION
DEPARTMENT,

                     Respondent.

─────────────────────────────────

**APPEARANCES:**                        **OF COUNSEL:**

SERGEY MALTSEV
Petitioner Pro Se
61 Manor Sites
Cohoes, New York 12047

HON. DAVID SOARES                BRADLEY A. SHERMAN, ESQ.
District Attorney                      Assistant District Attorney
Albany County Courthouse
Albany, New York 12207

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[1]

      Petitioner Sergey Maltsev ("Maltsev") pleaded guilty on July 6, 2001 to welfare fraud

in the fourth degree in Albany County Court and was sentenced to five years probation.[2]

Malstev now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on the grounds

that he was denied the effective assistance of trial counsel, his guilty plea was not knowing

and voluntary, he was denied the effective assistance of appellate counsel, and he did not

─────────────────────────

     [1]This matter was referred to the undersigned for report and recommendation
pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.4.

     [2] Maltsev's probation expires July 5, 2006 and he therefore is "in custody" for the
purpose of the habeas statute. See Dixon v. Miller, 293 F.3d 74, 78 (2d Cir. 2002).

knowingly and voluntarily waive his right to appeal. For the reasons which follow, it is recommended that the petition be denied.

## I. Background

On May 25, 2001, Maltsev pleaded guilty to welfare fraud in the fourth degree with a recommended sentence of five years probation, restitution in the amount of $4,916, and a waiver of the right to appeal the conviction. Resp't Affirm. (Docket No. 6), Ex. A at 3. Maltsev also waived the right to an indictment and agreed to plead guilty to a superior court information. Id. Malstev was represented by counsel and was assisted by a Russian interpreter. Id. at 2. In August 2001, Maltsev was informed that he was subject to deportation due to the conviction. Resp't Affirm. at ¶ 6.

Maltsev's motion to vacate the conviction pursuant to Crim. Proc. Law § 440.10(1)(h) was denied on February 15, 2002. Resp't Affirm. at Ex. C. In November 2002, Matlsev moved for permission to file a late notice of appeal and to append the denial of his motion to vacate the conviction. Id. at ¶ 9. This motion was denied by the Appellate Division in January 2003. Id. at ¶ 10. In November 2002, Maltsev filed a second motion to vacate his conviction pursuant to Crim. Proc. Law § 440.10 which was denied on April 3, 2003. Id. at Ex. B. This action followed.

## II. Discussion

### A. Legal Standards

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L.

2

104-132, 110 Stat. 1214, restricts review of habeas petitions. In order for a petitioner to be granted relief under the AEDPA, it is necessary to show that a claim adjudicated on the merits by a state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1); Aparicio v. Artuz, 269 F.3d 78, 93 (2d Cir. 2001). Clearly established federal law refers to the "holdings, as opposed to the dicta, of [ the Court's] decisions as of the time of the relevant state-court decision." Kennaugh v. Miller, 289 F.3d 36, 42 (2d Cir. 2002).

To adjudicate a claim on the merits, the state court need not mention the argument raised, cite relevant case law, explain its reasoning process, or address the claim in detail. Ryan v. Miller, 303 F.3d 231, 245-46 (2d Cir. 2002). "Rather, a state court adjudicates a claim on its merits by (1) dispos[ing] of the claim on the merits, and (2) reduc[ing] its disposition to judgment." Howard v. Walker, 406 F.3d 114, 121 (2d Cir. 2005) (quoting Norde v. Keane, 294 F.3d 401, 410 (2d Cir. 2002)). No explanation of the court's reasoning process is necessary. Sellan v. Kuhlman, 261 F.3d 303, 312 (2d Cir. 2001).

A state-court decision is "'contrary to' [the Supreme Court's] clearly established precedents if it applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases or if it confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent." Early v. Packer, 537 U.S. 3, 8 (2002) (internal quotation marks omitted) (citing Williams v. Taylor, 529 U.S. 362, 405 (2000)). Under the "unreasonable application" clause, "a federal habeas court . . . should ask whether the state court's

3

application of clearly established federal law was objectively unreasonable."  Id.  at 409.

"[A]n unreasonable application of federal law is different from an incorrect application."

Jones v. Stinson, 229 F.3d 112, 119 (2d Cir. 2000).

## B. Effective Assistance of Counsel

### 1. Trial Counsel

Maltsev contends first that he was denied the effective assistance of trial counsel.

Respondent contends that the state court decision on this issue meets AEDPA standards

and, in the alternative, that the claim fails on the merits.

To establish ineffective assistance of counsel, a petitioner must satisfy a two-prong

test: (1) counsel's performance was deficient, and (2) this deficiency prejudiced the

petitioner's defense.  See United States v. DeJesus, 219 F.3d 117, 121 (2d Cir. 2000)

(citing Strickland v. Washington, 466 U.S. 668 (1984)).  To satisfy the first prong, a court

must ask "whether defense counsel's actions were objectively reasonable considering all

the circumstances."  Purdy v. United States, 208 F.3d 41, 44 (2d Cir. 2000).  This inquiry

requires a court to be "highly deferential" to counsel's performance.  Strickland, 466 U.S. at

689.  Moreover, there is a strong presumption that counsel's conduct at trial was reasonable

and that any challenged conduct might be considered sound trial strategy.  Kieser v. New

York, 56 F.3d 16, 18 (2d Cir. 1995) (per curiam) (internal quotations omitted); see also

Maddox v. Lord, 818 F.2d 1058, 1061 (2d Cir. 1987).  To satisfy the second prong, a court

must determine whether there is a reasonable probability that, but for the deficiency, the

outcome of the proceeding would have been different.  McKee v. United States, 167 F.3d

103, 106 (2d Cir. 1999). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

Maltsev contends that he was denied the effective assistance of counsel when his counsel failed to inform him that a conviction would subject him to deportation, and that counsel did not perform any legal work, failed to file a notice of appeal, and failed to assist him during the plea allocution.

An attorney's failure to inform a client of the deportation consequences of a guilty plea, without more, does not fall below an objective standard of reasonableness. United States v. Couto, 311 F.3d 179, 187-88 (2d Cir. 2002). Maltsev's contention that counsel failed to perform any legal work is unsupported and entirely conclusory. Maltsev's remaining contentions lack merit as well. The record of the plea allocution shows that Maltsev's attorney communicated with Maltsev regarding the plea agreement, waiver of indictment, and superior court information. Ex. A. at 3. Maltsev indicated that he discussed the facts and circumstances of his case with counsel and that he was satisfied with the services of his lawyer. Id. at 3-6. Counsel in all respects properly represented Maltsev during the plea allocution and, in fact, negotiated a favorable plea agreement.

In addition, the state court's decision in this matter was not contrary to, nor did it involve an unreasonable application of, clearly established federal law. It did not result in a decision that was premised on an unreasonable determination of the facts in light of the evidence presented at the state court proceedings.

The petition on this ground should thus be denied for both reasons.

## 2. Appellate Counsel

Maltsev also contends that he was denied the effective assistance of appellate counsel. Respondent contends that this claim is not cognizable pursuant to 28 U.S.C. § 2254(i).

Section 2254(i) states that "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." Ineffective assistance of post-conviction counsel is not itself a cognizable federal constitutional violation. United States v. Easley v. Hinsley, 305 F. Supp. 2d 867, 879 (D. Ill. 2004). Inmates do not have a constitutional right to counsel when mounting collateral attacks upon their convictions and this right exists only during the original criminal proceeding and the direct appeal from a conviction. Johnson v. Avery, 393 U.S. 483, 488 (1969); Pennsylvania v. Finley, 481 U.S. 551, 555-56 (1987); McKethan v. Mantello, 292 F.3d 119, 123 (2d Cir. 2002). There is no constitutional right to the effective assistance of counsel with respect to the filing of a discretionary appeal. Ross v. Moffitt, 417 U.S. 600, 610 (1974); Alston v. Senkowski, 210 F. Supp. 2d 413, 420 (S.D.N.Y. 2002).

Maltsev contends that he was denied the effective assistance of appellate counsel when appellate counsel failed to seek leave to appeal from the denial of his first motion to vacate the conviction and failed to challenge the sufficiency of the guilty plea and waiver of right to appeal in the motion to vacate the conviction. Here, Maltsev did not file a direct appeal of his conviction and only moved for post-conviction relief pursuant to Crim. Proc. Law § 440.10. Therefore, any claim of ineffective assistance of counsel made as to the counsel that represented him for post-conviction relief is not cognizable before this Court.

Therefore, the petition on this ground should be denied.

6

**C. Plea Agreement**

Maltsev next contends that he did not knowingly, voluntarily, and intelligently plead guilty. Respondent contends that the state court's decision on the issue met AEDPA standards and, in the alternative, that this claim fails on the merits.

A court will not overturn a guilty plea on due process grounds if it was an intelligent and voluntary choice of a defendant who was aware of all the alternative courses of action. Hill v. Lockhart, 474 U.S. 52, 56 (1985); Willbright v. Smith, 745 F.2d 779, 779-80 (2d Cir. 1984). Only if the "consensual character of the plea is called into question" may the validity of a guilty plea be impeached. Mabry v. Johnson, 467 U.S. 504, 508 (1984). Thus, a habeas petitioner may only challenge his guilty plea on the grounds that it was not entered into knowingly, intelligently, and voluntarily.  Hill, 474 U.S. at 56; North Carolina v. Alford, 400 U.S. 25, 31 (1970).

Whether a plea is voluntary must be determined by examining all relevant circumstances, including the possibility of a longer sentence after a finding of guilt, the defendant's previous record, and whether the court explained to the defendant all options and consequences of a guilty plea.  Alford, 400 U.S. at 31; Magee v. Romano, 799 F. Supp. 296, 300 (E.D.N.Y. 1992). Additionally, voluntary means that the decision to accept the offer was not the product of actual or threatened physical harm, mental coercion, or the defendant's sheer inability to weigh his options rationally. Miller v. Angliker, 848 F.2d 1312, 1320 (2d Cir. 1988). The "commonplace" feeling of being "coerced" is not a valid ground for reversing a plea and a feeling of duress is a usual result of plea bargaining. United States v. Juncal, 245 F.3d 166, 174 (2d Cir. 2001).

Maltsev contends that during the plea allocution, he did not admit that he knowingly acted with an intent to defraud, did not admit that any failure to report income was the proximate cause of the overpayment, and that his failure to report income did not constitute the commission of an overt act. "A person is guilty of welfare fraud in the fourth degree when he or she commits a fraudulent welfare act and thereby takes or obtains public assistance benefits, and when the value of the public assistance benefits exceeds one thousand dollars." N.Y. Penal Law § 158.10 (McKinney 1999). A fraudulent welfare act "means knowingly and with intent to defraud, engaging in an act or acts pursuant to which a person...makes a false statement or provides false information for the purpose of (i) establishing or maintaining eligibility for public assistance benefits or (ii) increasing or preventing reduction of public assistance benefits, and such statement or information is material." N.Y. Penal Law § 158.00. (McKinney 1999).

A review of the transcript of Maltsev's plea indicates that Maltsev's plea was indeed knowing and voluntary. Maltsev admitted that while he was receiving public assistance benefits, he failed to report income that he earned and that because he failed to report this income, he received public assistance benefits that he was not entitled to or qualified for and the value of these benefits exceeded $1,000. Resp't Affirm., Ex. A at 6-7. These admissions suffice to establish that Maltsev failed to report the income for the purpose of preventing a reduction in public assistance benefits with an intent to defraud. The court sufficiently apprised Maltsev of his rights, Maltsev was represented by an attorney, and Maltsev indicated that he understood the consequences of the plea agreement.

In addition, the trial court, in denying Maltsev's motion to vacate his judgment, held that Malstev's plea allocution was sufficient to establish his guilt. Resp't Affirm. at Ex. B.

8

This decision was not contrary to, nor did it involve an unreasonable application of, clearly established federal law and did not result in a decision that was premised on an unreasonable determination of the facts in light of the evidence presented at trial.

Therefore, the petition on this ground should be denied for both reasons.

### D. Waiver of Right to Appeal

Finally, Maltsev contends that he never acknowledged that he agreed to waive his right to appeal. Respondent contends that the state court decision on this issue met AEDPA standards.

As stated above in subsection II(A), a federal habeas court cannot grant relief if the state court has adjudicated a claim on the merits and their decision was not "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or the decision was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254. Here, the state court clearly decided this claim on the merits. A review of the record of the plea allocution indicates that Maltsev knowingly, voluntarily, and intelligently waived his right to appeal. The court apprised him of the rights he was waiving and he received a favorable sentence without jail time pursuant to the plea agreement. Therefore, the county court's decision on this matter met AEDPA standards.

In addition, any findings of fact made by a state court are presumed correct and the petitioner has the burden of rebutting this presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Here, the county court determined as a factual matter that Maltsev properly waived his right to appeal when he accepted the

9

negotiated plea agreement. Maltsev fails to offer any evidence to rebut the presumption of correctness that must be accorded this determination. Maltsev's conclusory claims that he did not acknowledge an understanding of a waiver of his right to appeal fails to rebut the state court's findings of fact.

Therefore, for both reasons, the petition on this ground should be denied.

### III. Conclusion

For the reasons stated above, it is hereby

**RECOMMENDED** that the petition for a writ of habeas corpus be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Secretary of HHS. 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

DATED:  June 13, 2005
        Albany, New York

United States Magistrate Judge

10