**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**SERGEY MALTSEV,**

                            Petitioner,

      v.                                Civil No. 9:03-CV-1309
                                             (GLS)

**ALBANY COUNTY PROBATION**
**DEPARTMENT,**

                            Respondent.
_____

**APPEARANCES:**                      **OF COUNSEL:**

**FOR THE PETITIONER:**

SERGEY MALTSEV
Plaintiff, *Pro Se*
61 Manor Sites
Cohoes, New York 12047

**FOR THE RESPONDENT:**

HON. DAVID SOARES             BRADLEY A. SHERMAN
Albany County District Attorney    Assistant District Attorney
Albany County Courthouse
Albany, New York 12207

**Gary L. Sharpe**
**U.S. District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Petitioner *pro se* Sergey Maltsev commenced a *habeas corpus* action

pursuant to 28 U.S.C. § 2254 attacking his five year probationary sentence imposed following his Albany County Court plea to Welfare Fraud in the Fourth Degree. Pending are his objections to Magistrate Judge David R. Homer's Report which recommended denial of Maltsev's petition. *See Report-Recommendation ("R&R"), Dkt. No. 9; Maltsev Objections, Dkt. No. 10.* In his petition, Maltsev alleged that he was denied the effective assistance of trial and appellate counsel, that he did not waive his right to appeal, and that his guilty plea was unknowingly and involuntarily entered. With one factual exception related to the immigration consequences of his conviction, Maltsev's objections equitably argue that his petition should be granted and fail to address the other factual or legal bases for Judge Homer's Report.[1] Because Maltsev's objections are unspecific, he procedurally defaulted, and the court applies a clearly erroneous standard of review. Upon careful consideration of the arguments, the relevant parts of the record, and the applicable law, the court adopts the Report-Recommendation in its entirety.

---

[1] Judge Homer recommended denial of Maltsev's petition because: (1) Maltsev's ineffective assistance of counsel claimed lacked merit; (2) Maltsev's ineffective assistance of appellate counsel claim is not cognizable because Maltsev did not file a direct appeal of his conviction; (3) Maltsev's plea was knowing and voluntary; and (4) Maltsev properly waived his right to appeal when he accepted the negotiated plea agreement.

## II. **Background**

On May 25, 2001, Maltsev pled guilty to welfare fraud in the fourth degree with a recommended sentence of five years probation, restitution in the amount of $4,916.00, and a waiver of his right to appeal the conviction. *Dkt. No. 10.* Maltsev was represented by counsel and assisted by a Russian interpreter. *Id.* He was informed that he was subject to deportation due to the conviction. *Id.*

## III. **Discussion**

### A. **Standard of Review**

District courts are authorized to refer habeas corpus petitions to magistrate judges for proposed findings and recommendations regarding disposition. *See Almonte v. NYS Div. of Parole*, No. 04-CV-484, 2006 WL 149049, at *3 (N.D.N.Y. Jan. 18, 2006). When a report and recommendation is filed, the parties must comply with specified procedures if they seek statutorily mandated district court review. *Id.* The local rules further require that parties must file written objections that specify the findings and recommendations to which they object, and the basis for their objections. *Cf.* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b); L.R. 72.1(c).

3

If a party fails to object in a timely manner, it procedurally defaults and is not entitled to judicial review. *Almonte*, 2006 WL 149049, at *3 (citation omitted). The doctrine of procedural default applies in the district courts as long as parties, including those appearing *pro se*, receive clear notice of the consequences of their failure to properly object. *Id.* The notice requirement is satisfied if the report at least states that the failure to object will preclude appellate review.[2]  *Id.*

Moreover, lack of specificity also gives rise to procedural default. *Almonte*, 2006 WL 149049, at *4. Objections must address specific findings and conclusions. *Id.* Therefore, a party that limits its specific objections to a part of a report's findings or recommendations procedurally defaults as to the remainder. *Id.* Frivolous or conclusory objections also fail to satisfy the specificity requirement. *Id.* Furthermore, mere resubmission of the same papers and arguments as submitted to the magistrate judge fails to comply with the specificity requirement and also results in default. *Id.*

---

[2]The following statement accompanies all magistrates' reports issued in this district: [P]ursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Almonte*, 2006 WL 149049, at *4 n.4 (citations omitted).

4

The district court must review *de novo* those portions of the magistrate judge's findings and recommendations that have been properly preserved by compliance with the specificity requirement. *Id. De novo* review requires that the court give fresh consideration to those issues to which specific objections have been made. It will examine the entire record, and make an independent assessment of the magistrate judge's factual and legal conclusions. *Id.* at *5 (internal quotation and citation omitted). After review, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge ... [and] may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.* (citations omitted).

When a party procedurally defaults, it is within the court's discretion to elect an appropriate standard of review. *Almonte*, 2006 WL 149049, at *6. This court will apply a "clearly erroneous" standard, and defines that phrase as follows: a report is clearly erroneous if the court determines that there is a mistake of fact or law which is obvious and affects substantial rights. *Id.*

Accordingly, when required by statute or rule or when the court's routine review so dictates, the court will make a *de novo* determination of

5

findings and recommendations.  *Id.*  Absent *de novo* review, the court will apply a clearly erroneous standard.  *Id.*  Furthermore, the court will routinely identify issues which have been procedurally defaulted, and articulate the standard of review applied to all issues.  *Id.*

### B. Objections

In his objections, Maltsev asserts that he does not communicate well in English.  He claims that his social worker failed to fully explain the consequences of his legal violations, but he does not object to the specific findings in the Report-Recommendation.  The court will apply a "clearly erroneous" standard of review to the Report since Maltsev has procedurally defaulted by not raising specific objections.  While the court is willing to give a greater degree of leniency to *pro se* plaintiffs, and liberally construe the papers to give effect to their claims, Maltsev has produced no evidence to show that his conviction should be overturned.  Accordingly, in reviewing Judge Homer's findings, the court finds no clear error of either fact or law and adopts his recommendation in its entirety.

### IV. Conclusion

Having reviewed the Report-Recommendation under a clearly erroneous standard and Maltsev's objections, this court accepts and

6

adopts the recommendation of Judge Homer for the reasons stated in the June 13, 2005 Report-Recommendation.

**WHEREFORE**, it is hereby

**ORDERED** that Maltsev's petition is **DISMISSED** and the relief sought is **DENIED**, and it is further

**ORDERED**, that the clerk serve a copy of this Decision and Order upon the parties.

**IT IS SO ORDERED.**

May 1, 2006
Albany, New York

_____
United States District Court Judge